IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CV-55-RJ

| | |
|---|---|
| TRACY PHILLIPS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on a motion for attorney's fees filed by Plaintiff's counsel, James B. Gillespie, Jr., pursuant to 42 U.S.C. § 406(b)(1). [DE-47]. Defendant does not support or oppose the motion. [DE-49]. For the reasons that follow, the motion is allowed.

## I. BACKGROUND

This matter stems from Defendant's denial of Plaintiff's application for Disability Insurance Benefits. Plaintiff filed an application to proceed *in forma pauperis* and complaint in this court [DE-1, -5], followed by a motion for judgment on the pleadings with supporting memoranda of law and nine exhibits [DE-22]. Thereafter, the parties consented to have a magistrate judge conduct all proceedings in this case, which was reassigned to the undersigned. [DE-31, -34]. In response to Plaintiff's motion for judgment on the pleadings, Defendant filed a consent motion to remand, which the court allowed, reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and remanding the case to the Commissioner for further proceedings. [DE-39, -40]. The court awarded Plaintiff $4,681.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [DE-44].

On remand, Defendant issued a favorable decision approving Plaintiff's application for

benefits, awarding Plaintiff $110,006.00 in past due benefits. [DE-47] ¶ 5; [DE-47-1]. Plaintiff's counsel now seeks 25% of the past due benefits, or $27,501.50, pursuant to Plaintiff's representation agreement [DE-47-2], less a $6,000.00 administrative fee approved to be paid from withheld benefits, resulting in a net payment of $21,501.50, from which counsel will pay $4,681.00 to Plaintiff for the previously awarded EAJA fees. [DE-47] ¶¶ 5-11. Counsel, in support of the motion, offers the benefits award, fee agreement, and affidavits with time sheets reflecting 24.67 hours of attorney time. [DE-47-1 through -47-3].

## II. DISCUSSION

Under section 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has instructed that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" and the court must review these arrangements "as an independent check, to assure that they yield reasonable results in a particular case." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In conducting its review, the court may find a reduction in the contingent fee appropriate when "(1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808). A "reviewing court should disallow 'windfalls for lawyers,'" *Gisbrecht*, 535 U.S. at

2

808 (quoting *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). Factors courts have considered in determining whether a fee award will result in a "windfall" include "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Murrell v. Colvin*, No. 4:13-CV-124-FL, 2016 WL 4287813, at *1 (E.D.N.C. Aug. 15, 2016) (unpublished) (citations omitted).

Applying the framework set forth above, the court finds that the requested attorney's fees are reasonable. Counsel has presented a contingent fee agreement entered into between Plaintiff and counsel, providing for counsel's entitlement to 25 percent of the past due disability benefits awarded to Plaintiff, which is no greater than the statutory ceiling. *See Mudd*, 418 F.3d at 428 ("As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . §406(b) simply instructs a court to review the agreement for reasonableness.") (citing *Gisbrecht*, 535 U.S. at 807). In the Notice of Award letter, the SSA informed Plaintiff that it had withheld the 25 percent ($27,501.50) from past due benefits in order to pay approved attorney's fees. [DE-47-1] at 4. Thus, the requested fee is in accord with the contingency-fee character of the representation. *See Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) ("Deference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'") (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). With respect to the results achieved, through counsel's efforts Plaintiff won a remand for further

proceedings, ultimately resulting in an award of $110,006.00 in past due benefits dating back to August 2006. There is no evidence of delay tactics employed by counsel, and the case was handled efficiently. Counsel, who is an experienced practitioner in federal court, promptly filed this matter within a week of assuming representation of Plaintiff. [DE-1, -47-2]. Counsel received one 30-day extension before timely filing a lengthy and well-supported motion for judgment on the pleadings, evidencing thorough research and application of law to the particular facts of Plaintiff's claim, rather than boilerplate recitations, which resulted in a consent remand. [DE-21, -22, -39, -40]. Accordingly, despite the size of the requested fee award and a resulting effective hourly rate of roughly $1,115.00, the court finds the hourly rate is not determinative in this case and, in light of the above analysis, the award does not amount to a windfall for counsel. *See Joslyn*, 389 F. Supp. 2d at 456 (finding $38,116.50 award was "not a windfall because of the unusually long duration of the period of disability here, and the unique challenges this case presented."); *see also Pearson v. Colvin*, No. 4:12-CV-23-FL, 2014 WL 7205095, at *2-3 (E.D.N.C. Dec. 17, 2014) (unpublished) (finding $18,000.00 fee award, resulting in a $750.00 effective hourly rate, was reasonable) (citing *Washington v. Colvin*, No. 5:08-CV-55-FL, 2013 WL 1810586 *3 (E.D.N.C. April 29, 2013) (unpublished) (awarding $23,165.50 for 24 hours of work (effective hourly rate of $965.23 per hour); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833-34 (S.D.W.Va. Oct. 9, 2003) (approving requested award of $18,000.00 for 12.56 hours (effective hourly rate of $1,433.00)) (additional citations omitted).

Having considered the deference owed to the agreement between counsel and Plaintiff, *Joslyn*, 389 F. Supp. 2d at 456, the interest in assuring that attorneys continue to represent clients such as Plaintiff, *Gisbrecht*, 535 U.S. at 805, and the factors identified by the Supreme Court, *id.* at

808, the court finds the requested attorney's fees are reasonable. Counsel shall be awarded $21,501.50 and shall return to Plaintiff the $4,681.00 in fees previously awarded under the EAJA.

## III. CONCLUSION

For the reasons stated herein, the motion for attorney's fees [DE-47] is ALLOWED in the full amount requested of $21,501.50, and counsel shall return to Plaintiff the $4,681.00 in fees previously awarded pursuant to EAJA.

SO ORDERED, the 28th day of October 2016.

Robert B. Jones, Jr.
United States Magistrate Judge